JAMES J. AND ELSIE A. GRAMMATICO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grammatico v. Commissioner
Docket No. 27750-89.
United States Tax Court
T.C. Memo 1992-114; 1992 Tax Ct. Memo LEXIS 135; 63 T.C.M. (CCH) 2192; T.C.M. (RIA) 92114; February 25, 1992, Filed *135 An order and decision will be entered for respondent. James J. and Elsie A. Grammatico, pro se. Stephen R. Asmussen, for respondent. DAWSON, WOLFE
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before us on respondent's motion to dismiss for failure to state a claim for relief and his motion for a penalty under section 6673. By notice of deficiency dated March 22, 1989, respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653
6653
6653
6653
6661
(a)(1)
(a)(2)
(a)(1)(A)
(a)(1)(B)
1985
$ 13,828
$ 691
[1]
--- ---
$ 3,457
1986
6,379
--- ---
$ 319
[1] 1,595
*136 The adjustments giving rise to the deficiencies and additions to tax are based upon respondent's disallowance of certain Schedule C items, the disallowance of a medical deduction, the inclusion in income of unemployment compensation, and a tax on self-employment income. Respondent also made an adjustment to allow petitioners a deduction for a married couple when both work. Petitioners resided in Santa Clara, California, when they filed their petition and amended petition in this case. Petitioners allege that they are citizens of the State of California, American citizens not living abroad, and exempt from the direct unapportioned tax. They concede that Mr. Grammatico earned his living as an engineering manager for various corporations doing business within the State of California, and that during 1986 Mrs. Grammatico earned her living working for the City of San Jose. In their allegations of error, they assert that *137 respondent erroneously determined that they were living abroad and that they were engaged in a taxable activity. They also allege that respondent deprived them of procedural due process at the administrative level, and that respondent has arbitrarily attached the appellation "tax protester" to them. In addition, they allege that information pertaining to them is being arbitrarily maintained by a special unit of the IRS. Petitioners' assignments of error and statements of fact contain worn-out tax protester arguments that have been disguised as legitimate constitutional concerns and consistently rejected by this Court and others. Petitioners did not address in their amended petition or at trial any of the deficiencies or additions to tax set forth in respondent's determination. The deficiencies determined by respondent are the issues in this case. Rule 34(b)(4) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Any issue not raised in the assignment of errors shall *138 be deemed to be conceded." Petitioners have failed to satisfy these requirements in their amended petition. Petitioners make no factual claims of error in their amended petition, but argue frivolous legal theories that have been rejected repeatedly. See , and cases cited therein. Petitioners have failed to assert any justiciable errors of law or fact in respondent's determination. Therefore, respondent's motion to dismiss for failure to state a claim will be granted. Whenever it appears to this Court that a taxpayer's position in a proceeding is frivolous or groundless, or that the proceeding was instituted or maintained primarily for delay, we may require the taxpayer to pay to the United States a penalty in an amount not in excess of $ 25,000. Sec. 6673(a). We find that petitioners' conduct compels the imposition of a penalty under section 6673(a). See . Accordingly, respondent's motion for a penalty will be granted, and we will require petitioners to pay a penalty of $ 5,000 to the United States. An order and decision will be entered for *139 respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩